# Bruce *v.* Penn Bridge Company.

*Negligence—Fellow-servant—Employment of incompetent workmen—Nonsuit.*

In an action by an employee against his employer to recover damages for personal injuries caused by the negligence of a fellow-servant, a non-suit is properly entered, where no act of incompetency or negligence on the part of the fellow-servant previous to the act complained of was shown, and it was not claimed prior to that time that any incompetency on his part was suggested or known to the defendant. In such a case the fact that the fellow-servant used more than ordinary care in the performance of the work to which he was assigned, was no evidence of incompetency; nor did such care at any time impose additional liability on the defendant.

Argued Oct. 15, 1900. Appeal, No. 150, Oct. T., 1900, by plaintiff, from order of C. P. Beaver Co., June T., 1898, No. 178, refusing to take off nonsuit in case of G. W. Bruce v. Penn Bridge Company. Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Trespass for personal injuries. Before Wilson, P. J.

At the trial it appeared that on November 25, 1896, G. W. Bruce, while in the employment of the defendant in constructing a bridge over the Ohio River, was injured by the negligent act of Oliver Weigle, another employee of the defendant, in permitting a piece of timber to fall upon Bruce's head. Weigle went into the defendant's employment in July, 1896, and while there was evidence that he had a reputation for carelessness and awkwardness, it did not appear that the defendant company had any knowledge of his reputation. There was proof that Weigle was somewhat nervous, and that he exercised more than ordinary care in clambering over the bridge, and that in crossing on a beam or girder he would sometimes get down on his hands and knees. The specific act which caused the accident was the only one of the kind ever shown to have occurred on the part of Weigle. The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Robert Ritchie,* with him *John M. Buchanan, William A. Mc-*

*Connell* and *D. A. Cooper*, for appellant, cited as to the duty of an employer in hiring servants: 1 Shearman & Redfield on Negligence (5th ed.), sec. 191; Prescott v. Ball Engine Co., 176 Pa. 459; Ricks v. Flynn, 196 Pa. 263; Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Monahan v. Worcester, 150 Mass. 439; Baulec v. New York & Harlem R. R. Co., 59 N. Y. 356; Keith v. New Haven & Northampton Company, 140 Mass. 175; Huntsinger v. Trexler, 181 Pa. 497; Bennett v. Standard Glass Co., 158 Pa. 120; Weger v. Penna. R. Co., 55 Pa. 460.

*William A. Stone, Stephen Stone, Dan H. Stone, J. R. Martin* and *J. C. Martin,* for appellee, who were not heard, cited Reiser v. Pennsylvania Co., 152 Pa. 38.

PER CURIAM, October 31, 1900:

On the trial of this case the plaintiff's only contention was that Weigle was an incompetent workman and that his incompetency was, or should have been, known to the defendant. No act of incompetency on the part of Weigle previous to the act complained of was shown, and it was not claimed prior to that time that any incompetency on his part was suggested or known to the defendant. All of his previous acts evinced care on his part, and could not well be considered as proof of incompetency in the performance of the duties pertaining to the work to which he was called. It follows from the evidence in the case that the defendant was not properly chargeable with negligence in employing him. That he used more than ordinary care in the performance of the work to which he was assigned was no evidence of incompetency. Nor did such care at any time impose additional liability on the defendant.

Judgment affirmed.